IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMY W.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-01605-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

    Plaintiff Amy W. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits and Title XVI Social Security Income under the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## PROCEDURAL HISTORY

Born in 1976, plaintiff alleges disability beginning November 16, 2019, due to Meniere's disease, vertigo, high blood pressure, fibromyalgia, and anemia. Tr. 217, 220, 252. Her applications were denied initially and upon reconsideration. Tr. 119-21, 124-31. On June 8, 2021, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 37-58. On September 14, 2021, the ALJ issued a decision finding plaintiff not disabled. Tr. 19-31. After the Appeals Council denied a request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 22. At step two, the ALJ determined the following impairments were medically determinable and severe: "Meniere's disease, vestibular migraine, fibromyalgia, and chronic low back pain." Tr. 22. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 23.

Because they did not establish a presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a) except she "can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance as defined in the SCO/DOT; and occasionally stoop, kneel, crouch, and crawl. [She] can tolerate no hazards such as operating heavy industrial machinery and unprotected heights, and no operation of vehicles or firearms. She can work in moderately noisy environment or quieter." Tr. 24.

At step four, the ALJ determined plaintiff was unable to perform any past relevant work. Tr. 30. At step five, the ALJ concluded, based on the VE's testimony, there existed a significant number of jobs in the national economy plaintiff could perform despite their impairments, such as document preparer, receptionist clerk, and telephone solicitor. Tr. 31.

## DISCUSSION

Plaintiff argues the ALJ erred by improperly assessing the medical opinion of Dr. Thomas Pitchford, M.D.

Where, as here, the plaintiff's application is filed on or after March 27, 2017, the ALJ is no longer tasked with "weighing" medical opinions, but rather must determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). "To that end, there is no longer any inherent extra weight given to the opinions of treating physicians . . . the ALJ considers the 'supportability' and 'consistency' of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are."[2] *Kevin R. H. v. Saul*, 2021 WL 4330860, *4 (D. Or. Sept. 23, 2021). The ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* At a minimum, "this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Id.*

When determining how persuasive a medical opinion is, supportability and consistency are the most important factors to consider. 20 C.F.R. § 416.920c(b)(2). These two factors each have a

---

[2] As the Ninth Circuit recently explained, "[u]nder the revised regulations . . . a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The new regulations nonetheless "displace our longstanding case law requiring an ALJ to provide" different levels of reasoning (i.e., "clear and convincing" or "specific and legitimate") based on a hierarchy of medical sources. *Id.* at 787.

Page | 3 – Opinion and Order

different focus. For consistency, the ALJ considers how consistent a medical opinion is with the other evidence in the record Id. § 416.920c(c)(2). For supportability, the ALJ considers the relevancy of the objective medical evidence and supporting explanations presented by the medical source to justify their own opinion. Id. § 416.920c(c)(1).

Dr. Pitchford began treating plaintiff for vertigo in November 2019, and was her primary care physician through at least June 2021. Tr. 572, 651. On February 10, 2020, and May 3, 2021, at the request of plaintiff's counsel, Dr. Pitchford provided two "Physical Assessment[s]." Tr. 379-80, 629-30. In both assessments, Dr. Pitchford listed plaintiff's diagnoses as "Vertigo; Possibly (Likely) Menier's Disease." Tr. 379, 629. As a result of these impairments, Dr. Pitchford opined plaintiff would need extra work breaks and miss work more than four days per month. Tr. 380, 630.

Additionally, Dr. Pitchford stated plaintiff would need to recline or lie down in excess of typical workplace breaks, walk only two blocks without rest or significant pain, sit for three hours, stand and walk for two hours, and frequently lift less than 10 pounds, occasionally lift up to 20 pounds, and never lift 50 pounds. Tr. 379, 629. He further opined that plaintiff's impairments would frequently interfere with her attention and concentration to perform simple work-related tasks. Tr. 379, 629.

The ALJ found Dr. Pitchford's opinion was "not persuasive." Tr. 20. In particular, the ALJ resolved that Dr. Pitchford's opinion was based exclusively on plaintiff's subjective complaints, not supported by the medical records, inconsistent with plaintiff's activities of daily living, and inconsistent with the records of otolaryngologist Dr. Sachin Gupta, M.D., and neurologist Dr. Pippa Macdonald, M.D. Tr. 29 (citing Tr. 273-80, 377-80, 628-30). Plaintiff contends the ALJ did not properly explain the consistency and supportability factors when deciding Dr. Pitchford's

opinion was unpersuasive. Plaintiff also argues the ALJ did not cite to any evidence supporting their conclusion. However, "[e]ven when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). Here, the agency's path can be reasonably discerned.

An independent review of the record reveals that the ALJ's consideration of the supportability and consistency of Dr. Pitchford's opinions is supported by substantial evidence. Dr. Pitchford's treatment notes are replete with plaintiff's subjective reports of her vertigo and how often she suffers from its effects, such as dizziness, dizzy spells, issues with balance, decreased hearing in her left ear, pain in her head and left ear, headaches, and trouble standing. Tr. 422, 425, 450, 453, 468, 484, 523, 615, 625, 647. However, at these same visits, plaintiff presented as entirely normal, with normal range of motion in both her upper and lower extremities, normal gait, intact memory and attention span, and no abnormal findings upon examination. Tr. 423, 426-27, 451, 454, 469, 485, 524, 616, 626, 648.

On referral from Dr. Pitchford, plaintiff also saw Dr. Gupta, an otolaryngologist, remotely, in April 2021. Tr. 633. Dr. Gupta noted plaintiff's subjective complaints of headaches, visual changes, and imbalances. Tr. 633. Dr. Gupta noted that plaintiff's ear and head pain decreased in frequency and intensity, finding these symptoms were "improved" and "intermittent". Tr. 633. Two months later, in June, plaintiff saw Dr. Macdonald, a neurologist, also for a remote visit. Tr. 651. Dr. Macdonald noted plaintiff's subjective complaints of vertigo and Meniere's disease, while also stating treatment "improved a portion of her vertigo significantly." Tr. 651. Dr. Macdonald further opined that plaintiff's condition would best improve with vestibular therapy, and that she would need to see plaintiff in person for a comprehensive neurological exam to make any further determinations. Tr. 651. Neither doctor saw plaintiff in person for these visits. Tr. 633, 658.

On these records, Dr. Pitchford's disabling limitations are simply unsupported by, and inconsistent with, his own records as well as the medical records as a whole. Moreover, plaintiff's vertigo symptoms are based only on her own reports to providers and are therefore subjective, not objective, medical evidence. An ALJ is entitled to reject an opinion based on subjective symptom testimony that has been properly discounted. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Plaintiff does not argue, and this court does not find, that plaintiff's subjective symptom testimony was improperly rejected.

The ALJ also discounted Dr. Pitchford's medical opinion because it was inconsistent with plaintiff's activities of daily living, including her ability to perform household chores, grocery shop, and attend to her personal care. Tr. 29. This reasoning, however, is unsupported. There is a distinct lack of information concerning the nature and frequency of these activities, as well as a lack of explanation as to how these particular activities undermine Dr. Pitchford's opinion. *See Treviso v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (absent details about the extent and frequency of the claimant's purportedly inconsistent daily activities, "those tasks cannot constitute substantial evidence [sufficient to reject a treating physician's] informed opinion"). However, this error is harmless as the ALJ properly discounted Dr. Pitchford's medical opinion on other grounds. *See Robbins v. Social Sec. Admin.,* 466 F.3d 880, 885 (9th Cir. 2006) (holding that error that is inconsequential to the ultimate nondisability determination is harmless error).

In sum, the ALJ properly discounted Dr. Pitchford's medical opinion because it was primarily based on plaintiff's properly discounted subjective complaints and unsupported and inconsistent with his own records as well as the medical record as a whole.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is dismissed.

IT IS SO ORDERED.

DATED this 6th day of November, 2023.

                                        /s/ Jolie A. Russo
                                        Jolie A. Russo
                                United States Magistrate Judge